UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
In re:                                              :
                                                    :
HERMAN VANECK                                       :   Case No. 3:15-CV-00343 SRU
Debtor                                              :
                                                    :
---------------------------------------------------X   June 11, 2015

## MOTION TO DISMISS APPEAL

Appellee/secured creditor DLJ MORTGAGE CAPITAL, INC. ("DLJ") respectfully moves to dismiss the appeal filed on February 27, 2015 by Herman Vaneck ("Debtor"), on the basis that 1) the order appealed from was vacated by the bankruptcy court which moots this appeal; 2) the Debtor lacks standing to bring the appeal, and 3) the appeal is frivolous. As set forth herein, the appeal concerns the Bankruptcy Court's February 13, 2015 entry of an Order granting DLJ Relief from Stay ("Order") on property located at 25 Ebony Lane, Essex, Connecticut ("Property") which property is the subject of a pending Summary Process action against the Debtor in Housing Court. The Property is not property of the bankruptcy estate as title to the Property vested long ago into DLJ. The bankruptcy estate's only interest is any possessory interest held by the Debtor. The Debtor filed his appeal of the Order on February 27, 2015, however during the pendency of his Appeal the bankruptcy court

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

THIS LAW FIRM IS A DEBT COLLECTOR. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET   ●   HARTFORD, CONNECTICUT 06120   ●   (860) 808-0606   ●   JURIS NO. 101589

vacated the Order on March 27, 2015. DLJ further maintains that the history of the underlying actions by this Debtor to date stemming back to 2002 demonstrates that the appeal is taken for delay and is frivolous in nature. The Debtor to date has engaged in a 13 year attack upon DLJ and its predecessors in interest through multiple bankruptcy filings and meritless state court and appellate court litigation which has severely prejudiced DLJ. The filing of this instant Appeal is a continued attempt to propound meritless litigation upon DLJ. A Foreclosure Judgment against the Debtor first entered back on June 10, 2002. The Debtor's continued bankruptcy filings, Motion and Appeal attacks made upon DLJ post judgment relating to the Movant's standing have all been denied. The only matter remaining against the Debtor is a Summary Process Action in which DLJ seeks to evict the Debtor from the Property. This court is without jurisdiction to undue the prior State Court Judgment which held DLJ to be a proper party with standing with the right to sue. The Property is not property of the estate and consequently the only course of action upon which the bankruptcy court could take on DLJ's Motion was to grant it. See *In re Kane*, 236 B.R. 131 (Bankr. D. Conn. 1999). Furthermore, the history of bankruptcy filings orchestrated by the Debtor to date warranted entry of the In Rem aspect of the Order. Furthermore, the Debtor's prior

bankruptcy case was dismissed with a two year bar, after trial, based upon the bankruptcy court taking judicial notice of the serial bankruptcy filings up to that date.

In furtherance of its Motion to Dismiss, DLJ respectfully states as follows:

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

On the eve of a Summary Process trial, the Debtor filed a Chapter 7 Bankruptcy petition before the New Haven Division, Case# 15-30014, the tenth bankruptcy filed by this Debtor and other parties related to the Debtor. On January 12, 2015, DLJ filed an emergency Motion for Relief from Stay (see Exhibit A) seeking an Order allowing it to continue with its Summary Process action. The Bankruptcy Court entered the Order on February 13, 2015 (see Exhibit B). The Debtor filed his Notice of Appeal ("Appeal) on February 27, 2015 of the Bankruptcy Court's Order. (see Exhibit C). The Appeal seeks to appeal the February 11, 2015 Order. The Bankruptcy Court vacated the Order on March 27, 2015. (See Exhibit D).

The Debtor's continued attacks upon DLJ stem from an underlying foreclosure action first commenced in 2002. The Debtor has engaged in a 13 year attack upon DLJ and its predecessor in interest in which the Debtor has engaged in motion and appellate practice, including ten bankruptcy filings, both pre-judgment and post-

judgment which frivolous actions has delayed DLJ's efforts to take possession of the property . DLJ maintains that this instant Appeal is frivolous. The Debtor's last bankruptcy filing was dismissed with a two years bar. (See Exhibit E). Upon expiration of that bar, the Debtor then filed the instant bankruptcy in his continued attempt to thwart and delay DLJ's action. His continued Motion and Appeal attacks made upon DLJ post judgment relating to the Movant's standing have all been denied. (See attached Exhibit F). The only matter remaining against the Debtor is a Summary Process Action in which DLJ seeks to evict the Debtor from the Property. This court is without jurisdiction to undue the prior State Court Judgment which held DLJ to be a proper party with standing with the right to sue. The Property is not property of the estate and consequently the only course of action upon which the bankruptcy court could take on DLJ's Motion was to grant it. See *In re Kane*, 236 B.R. 131 (Bankr. D. Conn. 1999)

III. **LEGAL GROUNDS UPON WHICH THE MOVING PARTY RELIES:**

A. **The appeal is moot.**

On March 27, 2015, the bankruptcy court vacated the Order (see Exhibit D).

The Order (see Exhibit B) having been vacated on the same day this Appeal was filed effectively mooted this Appeal is its entirety. The bankruptcy court did later re-enter a separate order granting DLJ relief from stay on May 5, 2015 (see Exhibit G). The Debtor has filed a separate appeal of that order on May 19, 2015 of which is pending before this court. (see case 3:15-CV-00757 – SRU attached as Exhibit H). DLJ maintains that the Debtor lacks standing to pursue that appeal and that it remains frivolous. The Debtor cannot put DLJ in a position of having to defend two Appeals, one on an Order that is no longer an order of the court and one that is. The Debtor's second Appeal remains pending before the Appellate Court and DLJ intends to file a Motion to Dismiss in that case. DLJ maintains that this Appeal should be dismissed outright as moot.

**B. There is no indication that the Defendants obtained consent from the Bankruptcy Trustee to pursue this claim and therefore lacks standing to raise this appeal.**

A claim of lack of standing implicates subject matter jurisdiction of this court and is properly raised by motion pursuant to Section 10-30 of the Connecticut Practice Book. *Manning v. Feltman*, 149 Conn. App. 224, 233-34, 91 A.3d 466, 472 (2014). It is well settled that a party must possess standing to assert a "claim" to convey and confer

subject matter jurisdiction to the court over such claim. *Travelers Cas. & Sur. Co. of Am. v. Netherlands Ins. Co.*, 312 Conn. 714 (2014). A litigant cannot invoke the jurisdiction of the court absent some legal right or title in the subject matter of the claim or controversy asserted. *Devone v. Finley*, 148 Conn. App. 647 (2014). It is the burden of the party who seeks to assert a claim or controversy to allege and demonstrate facts which confirm that he is the proper party to invoke the jurisdiction of the court. *Matthews v. SBA, Inc.*, 149 Conn. App. 513 (2014).

The filing of the bankruptcy petition by the Debtor created a bankruptcy estate which consisted of all property and assets of the Debtor; 11 U. S. C. Section 541; inclusive of "all legal or equitable interests of the debtor in property at the commencement of the case". 11 U. S. C. Section 541(a) (1). The term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed. *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir.2006) (quoting *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)). "It is also well established that the mere opportunity to receive an economic benefit in the future is property with value under the Bankruptcy Code." *Id.* (internal quotation marks omitted). *In re Majestic Star Casino, LLC*, 716 F.3d 736, 750-51 (3d Cir. 2013).

The bankruptcy estate has been construed to include all pre-petition causes of action and claims. *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46 <u>order amended on denial of reconsideration,</u> 63 F. Supp. 2d 342 (S.D.N.Y. 1999). The use of the term "legal or equitable interests" has also been construed to include all legal claims whether predicated on state or federal law. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354 (5th Cir. 2014) (any claim with "potential" must be disclosed, whether conditional or contingent).

Not only does the Bankruptcy Code divest the debtor of assets, it additionally and specifically creates authority to the trustee to avoid certain liens and transfers of property. 11 U.S.C. Section 551; *In Re Hannon*, 514 B.R. 69 (Bankr. D. Mass. 2014). The trustee assumes the position of a lien creditor or bona fide purchaser of the realty with power and authority to avoid those liens and encumbrances that have not been validly created. <u>See</u>, eg., *In re Depastino*, 209 B.R. 585 (D.Conn.1997) (lien against property of debtor); *In re Ryan*, 851 F.2d 502 (C.A. 1 Mass.) ( improperly recorded mortgage); *In re Nolan*, 383 B.R. 391 (2008) ( improperly acknowledged mortgage); *In re Androes*, 382 B.R. 805 (2008) (improperly acknowledged mortgage). If and when the lien is avoided, the trustee thereafter "steps into the shoes" of the creditor and thereby preserves the value of the asset for benefit of the estate. *In Re Hannon*, <u>supra</u>. In this is

undoubtedly a critical tool and power vested in the trustee to facilitate retention or creation of assets with ultimately can utilize to satisfy claims of creditors.

These principles have been recognized and are certainly consistent with the laws of this state. In evaluating the issue of standing within the context of whether a certain cause of action was in existence on the date of filing of the bankruptcy petition, our Supreme Court has noted that:

> ...we first are guided by certain fundamental principles of bankruptcy law. When a debtor files for bankruptcy protection, a bankruptcy estate is created. *Charts v. Nationwide Mutual Ins. Co.,* 300 B.R. 552, 556–57 (D.Conn.2003). Title 11 of the United States Code, § 541, prescribes the property interests of the debtor that comprise the bankruptcy estate. Subject to a few exceptions, such property is defined as "all legal or equitable interests of the debtor in property *as of the commencement of the case.*"(Emphasis added.) 11 U.S.C. § 541(a) (1) (2012). It is well settled that such property includes causes of action possessed by the debtor at that time. See, e.g., *In re Crysen/Montenay Energy Co.,* 902 F.2d 1098, 1101 (2d Cir.1990); *In re Cottrell,* 876 F.2d 540, 542–43 (6th Cir.1989); *Sierra Switchboard Co. v. Westinghouse Electric Corp.,* 789 F.2d 705, 707–709 (9th Cir.1986). A bankruptcy debtor does not have standing to pursue claims that constitute property of a bankruptcy estate. *Tilley v. Anixter, Inc.,* 332 B.R. 501, 507 (D.Conn.2005); see *Seward v. Devine,* 888 F.2d 957, 963 (2d Cir.1989).

*Weiss v. Smulders*, 313 Conn. 227, 239-40 (2014). Our courts have also articulated that:

> the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets. The courts will not permit a debtor to obtain relief from the [B]ankruptcy [C]ourt by representing that no claims exist and then

subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their action in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the [B]ankruptcy [C]ourt, which must decide whether to approve the plan of reorganization on the same basis are impaired when the disclosure provided by the debtor is incomplete. (Internal quotation marks omitted.) *Assn. Resources, Inc. v. Wall,* supra, 298 Conn. at 170–71, 2 A.3d 873.

*Manning v. Feltman,* supra (plaintiff does not have standing to pursue cause of action that is the rightful property of the bankruptcy estate). In accord, see *Ass'n Res., Inc. v. Wall,* 298 Conn. 145 (2010) (all assets, including causes of action, become property of the bankruptcy estate upon the filing of the petition).

With respect to the accrual of the cause of action, it is submitted that *Channer v. Loan Care Serv. Ctr., Inc.,* 2011 WL 238878 (D. Conn.) is dispositive. Upon reconsideration of a ruling granting a Motion to Dismiss by reason of lack of standing, District Judge Underhill revisited the plaintiff's claim that the defendant had no legal or equitable right, claim or interest in her property by reason of the invalidity of a certain mortgage. The plaintiff had entered into the mortgage transaction on August 31, 2009 and had filed for bankruptcy on April 16, 2010. The subject mortgage was assigned and sold on later dates after the execution thereof and, as a result, the plaintiff asserted that the cause of action did not accrue until subsequent to her discharge on November 3, 2010. In denying reconsideration, District Judge Underhill relied upon the following:

> Channer's claim is directly tied to the prepetition act of entering into a mortgage agreement. Moreover, the continued existence of that mortgage directly affects the value chanters residence, which is part of the bankruptcy estate. Both the residents and the secured claim were listed in Channer's bankruptcy schedule. Therefore, Channer's cause of action belong(s) to the estate. Id.

These comments are certainly dispositive of any claim to the contrary regarding accrual of the claim and defense in this matter alleged by the defendant.

Allowing the Debtor to assert a defense in another forum outside the scope of the bankruptcy proceeding would facilitate his control of what should have been an asset of the bankruptcy estate, the precise conduct which was disallowed, although in a completely different procedural context, in *In re Howrey LLP*, 492 B.R. 19 (Bankr. N.D. Cal. 2013) aff'd. 2014 WL 3899487 (N.D. Cal. Aug. 8, 2014). Also instructive is *In re Turner*, 490 B.R. 1, 4 (Bankr. D.D.C. 2013), a matter in which the debtor personally objected to a proof of claim filed by a mortgage holder and commenced a case under Chapter 13 of the Bankruptcy Code. In recognizing that the debtor had no power to avoid the deed of trust, this court adopted and followed the line of authority which prohibited a debtor from exercising the trustee's avoidance powers under 11 U. S. C. Section 544 to preclude a debtor from invoking, defensively, a power reserved to the trustee. *Id.* (citing and relying upon *Holloway v. IRS (In re Odom Antennas, Inc.)*, 340 F.3d 705, 709 (8th Cir.2003); *Energy Income Fund, L.P. v. Compression Solutions Co.*

(In re Magnolia Gas Co.), 255 B.R. 900, 914–15 (Bankr.W.D.Okla.2000); *United Jersey Bank v. Morgan Guar. Trust Co.* (*In re Prime Motor Inns, Inc.*), 135 B.R. 917, 920–21 (Bankr.S.D.Fla.1992)). The reasoning consistent in all of these decisions is that, in exercising the powers of avoidance, such as invalidating a deed of trust, the trustee is acting for the benefit of all creditors and not for the purpose of creating a windfall for the debtor. *In re Chapman*,supra; see also *Berman v. Smith*, 510 B.R. 387 (S.D. Fla. 2014)(the purpose of Section 544 is to grant power to the trustee to gather in the property of the estate to the ultimate benefit of the creditors).

The assertion of the appeal by the Debtor would potentially (if he is successful in prevailing) create a windfall in derogation of the scope and intent of the applicable provisions of the Bankruptcy Code and which this line of authority has recognized should be prohibited.

**C. The appeal is dilatory and frivolous.**

In addition to the arguments recited above, DLJ respectfully submits that the present appeal is dilatory and frivolous and as such is proper for dismissal. This Court has previously dismissed appeals of mortgage foreclosure actions where the underlying appeal was frivolous or otherwise sought to achieve delay of the pending foreclosure judgment. In *Glenfed Mortgage Corp. v. Crowley*, 61 Conn. App. 84 (2000),

this Court recited, "…we hold that this appeal is frivolous and that there now is no good faith claim that can be raised on appeal. Furthermore, [the defendants] cannot expect this court to allow them to benefit from their pattern of delay tactics." *Id.* at 89.

This matter has been pending since 2002 and the record clearly reflects that the intent of the filing of this appeal is dilatory which renders the appeal frivolous and subject to dismissal.  The Debtor's prior bankruptcy case (Case# 08-32911) was dismissed with a two year bar.  DLJ attaches a Motion for Summary Judgment and Memorandum of Law filed by its predecessor in interest (See Exhibit I attached hereto) in the prior bankruptcy case which sets for the history of the Debtor's actions  before the CT courts up to that date for this court's reference.  The history clearly shows that the Debtor has used our judicial system as a means to thwart consummation of DLJ's action and continues to do so with this instant Appeal.  The Debtor cannot use this Appeal to undo a prior judgment or re-litigate issues already litigated before the State Court, Appellate Court, and Bankruptcy Court to date.

IV.   **CONCLUSION:**

Taking into consideration the history of this action and the record, coupled with the authorities cited above, it is abundantly clear that the Debtor's appeal is moot as the Order itself appealed from is no longer an Order of the Court.  It is also

abundantly clear that the Debtor has no standing to pursue this Appeal. It is intended solely to delay the due administration of justice inherent to DLJ's cause of action and Summary Process Action. Accordingly, DLJ respectfully submits that based upon the foregoing arguments and authorities, the present appeal should be dismissed.

WHEREFORE, for the foregoing reasons, DLJ respectfully prays this Honorable Court grant its Motion and dismiss the Debtor's Appeal.

DLJ MORTGAGE CAPITAL, INC.

By_____
Linda J. St. Pierre
Fed. Bar: 22287
Hunt Leibert & Jacobson, P.C.
50 Weston Street
Hartford, Ct 06120
(860) 240-9156

## CERTIFICATION

This is to certify that the present motion complies with Practice Book § 62-7 and that on the 11th day of June, 2015, copies of the foregoing were mailed, via U.S. Mail, postage prepaid, to:

Hermann Jan Vaneck
24 Ebony Lane
Ivoryton, CT 06442
(Pro Se Debtor)

US Trustee
U.S. Trustee Office
150 Court St., Room 302
New Haven, CT 06510-7016

Kara S. Rescia
Eaton & Rescia, LLP
Attorneys at Law
200 North Main Street, East 14
East Longmeadow, MA 01028
(Trustee)

By_____
Linda J. St. Pierre
Fed. Bar: 22287
Hunt Leibert & Jacobson, P.C.
50 Weston Street
Hartford, Ct 06120
(860) 240-9156

## ORDER

The foregoing Motion to Dismiss the present Appeal, having been presented to this Court, it is hereby ORDERED:

GRANTED / DENIED

BY THE COURT

_____
CLERK/JUDGE(S)

This is to further certify that this motion is in compliance with Practice Book § 66-3.

_____
Linda J. St. Pierre

PURSUANT TO FEDERAL LAW, THIS LAW FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT THE DEBT AGAINST YOU PERSONALLY, BUT IS NOTICE OF A POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY.