59

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HERMANN JAN VANECK,
  Appellant,

  v.

DLJ MORTGAGE CAPITAL, INC.,
  Appellee.

No. 3:15-cv-343 (SRU)

No. 3:15-cv-757 (SRU)

## ORDER

This ruling concerns *pro se* appellant Hermann Vaneck a/k/a Jan Van Eck's lengthy

efforts to avoid foreclosure via the bankruptcy process. Van Eck has appealed twice from an

order of the Bankruptcy Court that was vacated and then renewed, which grants appellee, DLJ

Mortgage Capital, Inc. ("DLJ"), relief from the automatic stay in order to proceed with its

Summary Process action in state court to evict Van Eck from its property. *See* 3:15-cv-343

[hereinafter referred to as the "first appeal," with citations to the "343" docket] (343, doc. 1);

3:15-cv-757 [hereinafter referred to as the "second appeal," with citations to the "757" docket]

(757, doc. 1). DLJ has moved to dismiss both appeals on the grounds that Van Eck lacks

standing to bring either appeal, and that he has failed to state a claim. (343, doc. 10; 757, doc.

10)

For the following reasons, DLJ's motions are both **granted** in full and the appeals are

**dismissed**.

## I.    Standard of Review

### A. Lack of Subject-Matter Jurisdiction Under Rule 12(b)(1)

The party who seeks to invoke a court's jurisdiction bears the burden of establishing that

jurisdiction. *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (citing *Warth v.*

*Seldin*, 422 U.S. 490, 518 (1975)). To survive a motion brought under Rule 12(b)(1), a plaintiff

must allege facts demonstrating that the plaintiff is a proper party to seek judicial resolution of

the dispute. *Id.*

   B.  Failure to State a Claim Under Rule 12(b)(6)

      A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed

"merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which

might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch*

*Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d

636, 639 (2d Cir. 1980)).

      When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the

material facts alleged in the complaint as true, draw all reasonable inferences in favor of the

plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007);

*Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

      Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the

speculative level," and assert a cause of action with enough heft to show entitlement to relief and

"enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also*

*Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they

must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and

*Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more

than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555 (quotation marks omitted). Plausibility at the pleading stage is

nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it

strikes a savvy judge that actual proof of [the claims] is improbable, and . . . recovery is very

remote and unlikely." *Id.* at 556 (quotation marks omitted).

## II.      Background

This dispute turns on the validity of DLJ's interest in a mortgage on Van Eck's home at

24 Ebony Lane, Essex, CT. DLJ states that it is both the owner of the mortgage, and because it

successfully foreclosed on the house three years before the current bankruptcy proceedings, the

owner of the property. Van Eck asserts that there is no mortgage, and moreover that DLJ is a

shell company that has not shown any interest or ownership in such a mortgage, if one does

exist.[1] A previous bankruptcy court, in a memorandum accompanying its decision to dismiss one

of Van Eck's prior bankruptcy petitions with prejudice, provides a helpful history of the

mortgage litigation through March, 2010:

> In 2002, Bankers Trust Company of California ("Bankers Trust")
> commenced (Connecticut) state court foreclosure proceedings with respect
> to a certain first mortgage (the "Mortgage") on the Essex Property. *See
> Bankers Trust Co. of California, N.A. v. Van Eck,* 96 Conn. App. 390, 391,
> 899 A.2d 41 (opinion by Peters, J.), *cert. denied,* 279 Conn. 908, 901 A.2d
> 1225 (2006). Subsequently, the trial court granted Bankers Trust a
> judgment of foreclosure by sale (the "Foreclosure Judgment"). *See id.* The
> Debtor appealed the Foreclosure Judgment arguing, among other things,
> that Bankers Trust did not have standing to foreclose the Mortgage. The
> Appellate Court rejected that argument, confirmed Bankers Trust's
> standing and affirmed the Foreclosure Judgment. *See Bankers Trust,
> supra. See also Chase Home Finance, LLC v. Fequiere,* 119 Conn.App.
> 570, 2010 WL 653239 (2010). It should be noted that the mortgage debt
> had been assigned to Wells Fargo Bank (which had filed a motion to be
> substituted as party plaintiff in the foreclosure action, "Wells Fargo")
> some time after the Debtor lost his appeal. (*See* Doc. I.D. No. 37, Exhibit I
> at 2 *et seq.*) Subsequently, Wells Fargo assigned the debt to GRP. Wells
> Fargo withdrew its motion for substitution and GRP filed its own motion

---

[1] Consistent with that argument, Van Eck denies many of the facts described below. But on a motion to dismiss,
"judicial notice may be taken of other judicial documents that might provide the basis for issue preclusion." *Can v.
Goodrich Pump & Engine Control Sys., Inc.*, 711 F. Supp. 2d 241, 246 (D. Conn. 2010). And it seems clear that the
issue preclusion doctrine prohibits Van Eck from relitigating facts necessarily and conclusively found by other
courts in proceedings between Van Eck and DLJ, or its predecessors-in-interest, concerning the same property.

for substitution. (*See id.*) On February 4, 2008, the Connecticut Superior
Court (Holzberg, J.) granted the motion of GRP to be substituted as party
plaintiff in the foreclosure action. Over the objection of the Debtor (who
then was represented by counsel), GRP was substituted as plaintiff and an
updated Foreclosure Judgment was issued. *See Bankers Trust Co. of
California, N.A. v. Van Eck,* No. CV–02–0097949–S (order dated Feb. 4,
2008) (copy of related Case Detail and transcript of related February 4,
2008 hearing attached as exhibits to Doc. I.D. No. 37). The updated
Foreclosure Judgment was made necessary by the Debtor's bankruptcy
filing prior to the foreclosure sale (*see* Chapter 13 Case No. 06–31703
filed on October 5, 2006 (the "Prior Chapter 13 Case")). The Prior Chapter
13 Case was dismissed before confirmation for failure to file tax returns
by an order dated July 26, 2007 (*see* Prior Chapter 13 Case Doc. I.D. No.
43 (Dabrowski, J.)). The Debtor subsequently removed (the "Attempted
Removal") the state court proceedings to the District Court for this district.
*See GRP Loan, LLC v. Van Eck,* No. 3:08–CV–375(WWE), 2008 WL
2902607 (D.Conn. July 24, 2008.) The District Court (Eginton, J.) granted
GRP's motion to remand for reasons including the *Rooker–Feldman*
doctrine commenting: "The history of this case demonstrates that
defendant [Debtor] is attempt[ing] to relitigate issues already decided by
the state trial and appellate courts. This Court is not the appropriate forum
for such a challenge." *Id.* at *1.

This court has consistently held in this case that the state court judgment
and later order conclusively establish (1) an unpaid Mortgage debt at least
in the amount of the Foreclosure Judgment and (2) GRP's standing to file
the Lift Stay Motion (subject to proof of relevant post-judgment and post-
substitution order events). (*See* Doc. I.D. Nos. 61, 62, 64; Oral Record of
March 26, 2009 hearing (collectively, the "Rulings").) *See also Willow
Funding Co., L.P. v. Grencom Assocs.,* 63 Conn. App. 832, 779 A.2d 174
(2001) (judgment of foreclosure by sale a final order even before sale); *cf.
In re Carpenter,* 331 B.R. 529 (Bankr. D. Conn. 2005) (Krechevsky, J.)
(same). That fact alone distinguishes this case from the case upon which
the Debtor relies, *In re Parades,* Case No. 09–22261(RDD) (Bankr.
S.D.N.Y.), in which there was no such judgment or order. (A transcript of
the *Parades* bench ruling has been admitted as Debtor's Exhibit A with
respect to GRP's Motion To Dismiss.) As noted above, much of the
activity in this case has been comprised of the Debtor's attacks on the
referenced state court judgment and order. (*See, e.g.,* Doc. I.D. Nos. 48,
228; A.P. # 10–3006 (Complaint).) At the Hearing, the Debtor attempted
yet again to challenge the state court judgment and order by attacking
GRP's standing (prior to the alleged assignment to DLJ) in this bankruptcy
case. (*See* Oral Record at 6:09:26 *et seq.*) The Debtor also attempted to
stay the Lift Stay Motion proceedings by filing a premature and dilatory
appeal of the Rulings and seeking to "enjoin" the relevant matters in this
court. (*See* Doc. I.D. No. 140.) This court held that such dilatory appeal

4

did not stay proceedings in this court. (*See* Doc. I.D. No. 143.) The
Attempted Removal also is relevant for this purpose.

*In re Van Eck*, 425 B.R. 54, 61-63 (Bankr. D. Conn. 2010). The bankruptcy court then held that

Van Eck's further attempt to relitigate those same issues through bankruptcy constituted an

abuse of the Chapter 11 process. It accordingly dismissed the case with prejudice and issued a

two-year bar on new bankruptcy filings.

Because the court dismissed the case, it explicitly declined to rule on DLJ's then-pending

motion to be substituted for GRP as the current holder of the mortgage. *Id.* at 57 n.4. On March

25, 2010, however, DLJ was substituted as the plaintiff in the foreclosure action. *See Banker's

Trust Co. v. Van Eck*, No. MMX-CV-02-0097949-S (doc. 290.00). On July 1, 2010, the

Connecticut state court issued a judgment of strict foreclosure in favor of DLJ in the foreclosure

action. *See id.* at (doc. 299.00).

On June 4, 2013, DLJ filed a summary process action before the Connecticut Superior

Court, seeking to evict Van Eck, as well as some additional tenants, from the premises (the

"summary process action"). *DLJ Mortgage Capital, Inc. v. Van Eck*, No. MMX-CV-13-

4017150-S (Conn. Sup. Ct.). Van Eck himself failed to appear in the case. In his stead, co-

defendant Linda Lounsbury, who appears to be Van Eck's wife, moved to dismiss the summary

process action, claiming that DLJ did not own the property because Van Eck had quitclaimed it

to a Trust before the foreclosure judgment had entered, and that Trust had subsequently filed for

bankruptcy. *See DLJ Mortgage Capital, Inc. v. Van Eck*, No. MMX-CV13-4017150-S, 2014 WL

3714925, at *1 (Conn. Sup. Ct. June 16, 2014). The Connecticut court rejected that argument,

stating: "Based on facts as found by this court, the court finds that the plaintiff [DLJ] was the owner of the premises at the time the summary process commenced." *Id.* at *4.[2]

On December 10, 2014, DLJ entered a second motion for default against Van Eck for failure to appear. On January 1, 2015, Van Eck filed the instant bankruptcy petition. *In re Van Eck*, No. 15-30014 (Bankr. D. Conn.) [hereinafter, citations will be to the "Bankr." Docket]. Notably, Van Eck's bankruptcy petition lists only a "future" interest in what is presumably the property at issue, but the nature of that future interest is nowhere explained. (343, doc. 9) at Ex. 4.

On February 11, 2015, the bankruptcy court granted DLJ's motion for a relief from the automatic stay in order to pursue its summary process action.[3] *Id.* at (Bankr. doc. 22). Van Eck simultaneously filed a motion for reconsideration and a notice of appeal of that order. *Id.* at (Bankr. docs. 28, 29). The bankruptcy court held a hearing on the motion for reconsideration and subsequently granted the motion, vacating the order because DLJ had failed to comply with certain procedural requirements. *Id.* at (Bankr. doc. 38). On May 5, 2015, the bankruptcy court reissued a substantively identical order granting DLJ relief from the automatic stay. *Id.* at (Bankr. doc. 49). Van Eck also appealed that order, and DLJ moved to dismiss both appeals. (343 doc. 10; 757 doc. 10)

---

[2] Without diving into the law of issue preclusion here, I note that if there is any legal question whether there has been a final judgment in the summary proceeding action sufficient to trigger preclusion, it is only because Van Eck has deliberately impeded those proceedings and prevented them from concluding by making the same arguments that court rejected in different forums. Moreover, the state court's determination of those facts was well supported with references to the public record. Accordingly, Van Eck should be either legally precluded or equitably estopped from relitigating the question of DLJ's ownership here on appeal.

[3] The order was amended slightly on February 13, 2015. (Bankr. doc. 23).

## III.    Discussion

### A.   The First Appeal, 3:15-cv-343

The first appeal, 3:15-cv-343, which concerns the Bankruptcy Court's first order, is

dismissed as moot. Rule 8002(b)(1)(D) of the Federal Rules of Bankruptcy Procedure provides

that the time to file an appeal from a bankruptcy court order runs from the disposal of the last

remaining motion for relief under Rule 9024. Rule 9024 in turn governs motions for

reconsideration, as provided for in Rule 60 of the Federal Rules of Civil Procedure. Rule

8002(b)(2) instructs that if a notice of appeal is filed before a pending motion for reconsideration

is filed, "that notice becomes effective when the order disposing of the last such remaining

motion is entered."

Van Eck filed a notice of appeal at the same time that he filed a motion for

reconsideration. Pursuant to Rule 8002(b)(2), that notice was not effective until the motion for

reconsideration was decided. And the motion for reconsideration was decided in Van Eck's

favor, thus granting the relief he sought on appeal. Moreover, Van Eck's procedural arguments

to this court are doubly inappropriate because he participated willingly in the hearing on his

motion for reconsideration at a hearing, and, in the transcript of that hearing, makes no reference

to his pending appeal.

### B.   The Second Appeal, 3:15-cv-757

In the second appeal, 3:15-cv-757, like in the first, DLJ argues that the appeal should be

dismissed because: (1) Van Eck does not have standing to pursue his claim; and (2) the appeal is

a frivolous delay tactic because the house at issue is not the property of the bankruptcy estate.

(757, doc. 10) Van Eck has not opposed DLJ's motion to dismiss the second appeal, although the

time to do so has long passed and I have issued a Notice and Order on the docket instructing him

7

to do so. (757, doc. 11) Because both the order and DLJ's motion are substantively identical in

both appeals, however, I will treat Van Eck's briefing in the first appeal as a response in the

second. *See* (343 doc. 13).

Van Eck does not have standing to appeal the order. The Second Circuit requires that an

appellant must be "directly and adversely affected pecuniarily" by a bankruptcy court's decision

in order to have standing to appeal. *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 641-42 (2d Cir.

1988). Van Eck has not argued, and indeed likely cannot argue, that a successful appeal of the

order would have a pecuniary effect on his discharge—he admits in his opposition brief that he is

not the owner of the property, Van Eck Opp'n Br. at 14, and stated in a hearing before the

bankruptcy court that he does not possess a lease for the property or even pay rent on it, *see*

(Bankr. Doc. 43) at 14-15. Moreover, the release of stay itself would not directly affect his

pecuniary interests, but instead would simply allow the state court action against his *possessory*

interests to move forward.

DLJ presents an additional argument that Van Eck does not have standing to bring this

appeal—it correctly argues that, to the extent that Van Eck is attempting to relitigate the validity

of the mortgage or foreclosure claim here, he has no standing to do so. Because the bankruptcy

case has not yet closed, the claim, whether scheduled or unscheduled, may only be abandoned by

the trustee after a notice and hearing, and Van Eck cannot even allege that such requirements are

met because they appear nowhere on the bankruptcy docket. *See Channer v. Loan Care Serv.*,

No. 3:11-cv-135 (SRU), 2011 WL 5238878, at *3 (D. Conn. Nov. 1, 2011) (holding that a debtor

has no standing to pursue an unscheduled cause of action regarding a pre-petition mortgage

unless the trustee has abandoned the claim via notice and hearing) (citing *Tilley v. Anixter Inc.*,

332 B.R. 501, 507 (D. Conn. 2005)).

And even if Van Eck did have standing, his appeal would be dismissed because, on its face, it raises only frivolous objections to the bankruptcy proceedings. Multiple courts have now held that DLJ is not only the rightful owner of the mortgage, but, after the foreclosure action, of the property itself as well. *See, e.g., Banker's Trust Co. v. Van Eck*, No. MMX-CV-02-0097949-S (doc. 299.00); *DLJ Mortgage Capital, Inc. v. Van Eck*, 2014 WL 3714925, at *4. Van Eck argues vociferously that DLJ does not have standing to sue because of its failure to file a proof of claim. DLJ, however, was not required to file a proof of claim form because it is not seeking monetary recovery from Van Eck and his estate, but rather is seeking the right to proceed in a *legal* action against him. Moreover, the order was correctly issued because it is clear from the record that Van Eck has no remaining legal interest in the property and has clearly sought to use the bankruptcy procedure merely to interfere with the summary process action. *See In re Peia*, 204 B.R. 310, 315 (Bankr. D. Conn. 1996) ("Manipulating the judicial process by reimposing the automatic stay through multiple filings works an unconscionable fraud on creditors. Thus, an abuse of § 362 occurs when the debtor has no intention of effectuating a realistic plan of reorganization and the bankruptcy court's self-executing injunction results in unnecessary and costly delays.") (quoting *Putnam Trust Company of Greenwich v. Frenz*, 142 B.R. 611, 614 (Bankr. D. Conn. 1992)).

C. Costs

Rule 8021(a)(1) of the Federal Rules of Bankruptcy Procedure states that "if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise," and section (d) of that rule provides a procedure from obtaining said costs in the bankruptcy court. Accordingly, DLJ may, if it wishes, file a bill of costs with the Bankruptcy Court for both appeals.

## IV.     Conclusion

DLJ's motion and dismiss the first appeal, 3:15-cv-343, is **granted** and the appeal is

**dismissed as moot**. DLJ's motion and dismiss the second appeal, 3:15-cv-757, is **granted** for

lack of standing.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of February, 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
